UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASSAN AMHIRRA,<br><br>    Plaintiff,<br>    v.<br><br>TAMMY FITTING, in her official capacity as Immigration Judge, et al.,<br><br>    Defendants. | CASE NO. 3:25-cv-05800-TL<br><br>ORDER ON MOTION TO RECONSIDER |

This matter is before the Court on Plaintiff's Motion to Reconsider. Dkt. No. 12. Having considered the motion, Defendants' opposition (Dkt. No. 14), Plaintiff's reply (Dkt. No. 15), and the relevant record, the Court GRANTS the motion.

### I.    BACKGROUND

The Court assumes familiarity with the facts of this case. *See* Dkt. No. 10 at 1–4. Plaintiff, "a citizen of Morocco who fled to the United States seeking protection" (Dkt. No. 1 (complaint) ¶ 3), has two pending lawsuits in this District. In the instant suit, Plaintiff has alleged violations of his due process rights under the Fifth Amendment. *Id.* ¶¶ 71–117. Plaintiff seeks declaratory and injunctive relief—namely, a "declaration that Defendants' continued prosecution of removal proceedings against [Plaintiff] without providing a qualified interpreter in the

1   Tamazight language (Aulouz dialect) violates the Fifth Amendment Due Process Clause and is
2   unlawful"; and "[a]n order preliminarily and permanently enjoining Defendants (including their
3   officers, agents, and subordinates) from continuing to adjudicate or prosecute [Plaintiff's]
4   removal proceedings unless and until a competent interpreter in [Plaintiff's] primary language
5   (Tamazight, Aulouz dialect) is made available." *Id.* at 17. In a separate case in this Court,
6   *Amhirra v. Warden*, No. C25-1376 ("Habeas Case"), Plaintiff seeks a writ of habeas corpus
7   challenging his ongoing detention.[1] *See generally* Petition, *Amhirra v. Warden* (July 22, 2025),
8   Dkt. No. 1.
9         On September 6, 2025, the Court issued an Order dismissing Plaintiff's complaint,
10  reading it as seeking relief from the Court from a decision or action to commence removal
11  proceedings—a form of relief that is expressly barred under Section 242 of the Immigration and
12  Nationality Act ("INA"), 8 U.S.C. § 1252(g). Dkt. No. 10. On September 11, 2025, Plaintiff filed
13  a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 12.
14  Defendant opposes the motion. Dkt. No. 14.

15                      II.    LEGAL STANDARD

16        Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a
17  judgment. *See United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1107 (9th Cir.
18  2017). A motion to amend judgment may only be granted where: "1) the motion is necessary to
19  correct *manifest errors of law or fact upon which the judgment is based*; 2) the moving party
20  presents newly discovered or previously unavailable evidence; 3) the motion is necessary to
21
22
23  ---
    [1] The Respondent in Plaintiff's habeas corpus petition is "Warden, Northwest Detention Center." *See* Petition at 1, *Amhirra v. Warden* (July 22, 2025). "The Northwest ICE Processing Centers' Facility Administrator is employed by a private contractor, the Geo Group," and Plaintiff's "Petition does not name a federal entity." Motion to Dismiss
24  at 1 n.1, *Amhirra v. Warden* (Aug. 27, 2025), Dkt. No. 16. The United States' participation in Plaintiff's Petition is as an "interested non-party." *Id.*

ORDER ON MOTION TO RECONSIDER – 2

prevent manifest injustice; or 4) there is an intervening change in controlling law." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation modified). "[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citation omitted). "District courts have considerable discretion in deciding Rule 59(e) motions." *Id.* (citation omitted).

### III. PRELIMINARY MATTER

As a preliminary procedural matter, Defendant argues that Plaintiff failed to identify any newly available information as required by Local Civil Rule 7(h)(1) for motions for reconsideration. *See* Dkt. No. 14 at 4. However, the Local Rules allow for reconsideration on "a showing of manifest error in the prior ruling *or* a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1)(emphasis added). The grounds to be considered under Local Civil Rule 7 or Federal Rule of Civil Procedure 59 are listed in the disjunctive. *See Hiken*, 836 F.3d at 1142; *see also Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010) ("Local Rule 7(h) is the functional equivalent of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e)" (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991))). Here, Plaintiff relies on the manifest injustice ground (*see* Dkt. No. 12 at 2), and that is how the Court will evaluate the issue.

### IV. DISCUSSION

Plaintiff asserts that reconsideration is warranted here to correct a clear legal error and to prevent manifest injustice, "because § 1252(g) does not strip jurisdiction over Plaintiff's purely legal, collateral due-process claim challenging the manner in which his removal proceedings are conducted—specifically, the Government's insistence on proceeding without a qualified

ORDER ON MOTION TO RECONSIDER – 3

interpreter despite a prior IJ determination that such proceedings violate due process." Dkt. No. 12 at 2. Defendants assert that Plaintiff's sole argument is that the Court misinterpreted Section 242(g) of the INA. *See* Dkt. No. 14 at 2. Defendant further asserts that "what Plaintiff seeks to litigate is a fact-intensive inquiry." *Id.* The Court agrees with Plaintiff for two reasons.

First, Plaintiff is not arguing that the Court misinterpreted Section 242(g) of the INA. Rather, Plaintiff asserts that the Court mis-read the complaint to assert a "challenge [to] the Government's discretionary decision to commence proceedings, adjudicate in the prosecutorial sense, or execute a removal order." Dkt. No. 12 at 2. Instead, Plaintiff argues, the true purpose of his complaint is to assert "a purely legal, collateral due-process challenge to the *manner* of removal proceedings (*i.e.* conducting hearings without a qualified interpreter)." Dkt. No. 12 at 2 (emphasis added). Upon re-examination of Plaintiff's complaint, the Court agrees that it mis-read the causes of action. While Plaintiff's first cause of action does indeed challenge the Government's pursuit and maintenance of the removal proceedings, that is qualified by the phrase "in a manner that deprives him of a fair hearing" (Dkt. No. 1 ¶ 72), and the majority of the remaining allegations in that section focus on the issue of the interpreter, and whether Plaintiff can understand the proceedings (*id.* ¶¶ 75–89). The Court originally read Plaintiff's second cause of action to challenge the decision to commence proceedings, given the inclusion of allegations regarding the Government's seeking to prosecute Plaintiff once again. *Id.* ¶¶ 102, 109.

However, upon re-examination, the Court notes that the declaration Plaintiff seeks in this count is to "bar[ ] Defendants from continuing to prosecute his removal case *in the absence of a qualified interpreter*[.]" *Id.* ¶ 112 (emphasis added). Similarly, the declaratory relief Plaintiff requests overall also involves the "continued prosecution of removal proceedings against [Plaintiff] *without providing a qualified interpreter in the Tamazight language*[.]" *Id.* at 17

ORDER ON MOTION TO RECONSIDER – 4

(emphasis added). Finally, the injunctive relief Plaintiff requests is not to preclude the Government from commencing, adjudicating, or executing a removal order, but to instead order the Government to "hold in abeyance the removal proceedings . . . until the interpreter requirement is satisfied." *Id.*

The Court finds that Plaintiff's challenge is to the procedural fairness of the proceedings against Plaintiff, not to a discretionary action of the Government. The Ninth Circuit has held that a district court has jurisdiction over procedural due process issues in immigration proceedings. *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998). As in *Walters*, Plaintiff's "objective [is] not to obtain judicial review of the merits of [his] INS proceedings, but rather to enforce [his] constitutional rights to due process in the context of those proceedings." *Id.* Where a plaintiff raises due process claims, "[t]hose claims do not arise from a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien,' but instead constitute 'general collateral challenges to unconstitutional practices and policies used by the agency.'" *Id.* (quoting *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991)); *see also Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *7 (9th Cir. Aug. 27, 2025) (plaintiff's procedural due process claims did not arise from a discretionary decision or action by the Attorney General when based upon "general collateral challenges to unconstitutional practices and policies used by the agency" (quoting *Walters*, 145 F.3d at 1052)); *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1119–21 (9th Cir. 2001) (holding that Section 1252(g) limits review of discretionary charging decisions, not collateral fairness claims).

Second, the question raised is a legal one: Does a hearing conducted without competent interpretation satisfy due process? "It is long-settled that a competent translation is fundamental to a full and fair hearing. If an alien does not speak English, deportation proceedings must be translated into a language the alien understands." *Perez-Lastor v. I.N.S.*, 208 F.3d 773, 778 (9th

Cir. 2000); *see Hartooni v. I.N.S.*, 21 F.3d 336, 340 (9th Cir. 1994) ("The right of a person facing deportation to participate meaningfully in the deportation proceedings by having them competently translated into a language he or she can understand is fundamental.").

### V. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Plaintiff's Motion to Reconsider (Dkt. No. 12) is GRANTED.

2. Given the overlap between the core legal issue in this case with Plaintiff's Habeas Case, the Parties SHALL meet and confer and file a joint status report **within fourteen (14) days** of this Order as to whether this case should be consolidated with Plaintiff's Habeas Case or, if not, whether the cases should be coordinated in any way. If the cases can be consolidated or coordinated, the Parties SHALL include a proposed order of consolidation or a proposed coordinated case schedule with their joint report.

3. If Plaintiff still wishes the Court to address his Motion for Temporary Restraining Order (Dkt. No. 4), the Court DIRECTS the Parties to meet and confer on a briefing schedule for the order and on whether the government will agree to a stipulated order to not deport Petitioner from the United States and not to transfer Petitioner to another facility during the pendency of this action, so the motion can be converted to a motion for preliminary injunction to streamline the process for all involved.

Dated this 27th day of October 2025.

Tana Lin
United States District Judge